**Ted LINDEN, Plaintiff–Appellant,**

v.

**Dennis SHERMAN, Richard Toner, George W. Harrison, and New York State Office of Children and Family Services, Defendants–Appellees.**

No. 01–7956.

United States Court of Appeals, Second Circuit.

Oct. 28, 2003.

Stephen Bergstein, Thornton, Bergstein & Ullrich, LLP, Chester, NY, for Appellant.

Andrea Oser, Assistant Solicitor General, Albany, NY, for Appellee.

Present: OAKES, NEWMAN, and POOLER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Ted Linden, a former teacher at a facility for juvenile delinquents run by the New York State Office of Children and Family Services ("OCFS"), appeals from a judgment dismissing, pursuant to Federal Rule of Civil Procedure 56, his Section 1983 employment discrimination claims against OCFS and three OCFS managers. Linden last worked on September 22, 1997, and claims that he was constructively discharged as of that date. The district court rejected this contention and thus dismissed his claim.

In order to establish a constructive discharge, an employment discrimination plaintiff must demonstrate that his employer acted deliberately to "make[ ] [his] working conditions so intolerable that [he] is forced into an involuntary resignation." *Lopez v. S.B. Thomas,* 831 F.2d 1184, 1188 (2d Cir.1987). Linden's constructive discharge claim rests on an alleged history of unwarranted writeups, poor ratings, petty criticisms, and assignments to teach outside his certification between 1993 and the end of 1995; a September 12, 1997, counseling memo criticizing Linden for failing to follow the chain of command; an incident on September 22, 1997, the date that Linden left his employment; and a critical memo sent after Linden stopped working. On September 22, Linden was present in his classroom with a youth division aide. In Linden's words, the class "refused to sit down and was disruptive." The aide therefore called the duty officer and asked for help. Defendant Richard Toner responded, "heard a kid threaten to throw a chair," and "pulled that kid out." While Toner busied himself with that student outside the classroom, other students continued to make similar threats. Linden requested additional help, but Toner responded that he was too busy. Eventually a second aide responded to the classroom, allowing Linden to go to the duty officer, who responded by sending two more aides. With the additional aides, the classroom returned to normal.

We agree with the district court that Linden's allegations would not allow a reasonable fact-finder to find that Linden's supervisors deliberately created conditions that made his continued employment intolerable. We base this determination on (1) the long period between the 1993–95 conduct and the September 1997 incident; (2) the setting in which Linden worked, a facility for juvenile delinquents in which outbursts and disruption are to be expected; (3) the assistance given to Linden by three youth aides and Toner; and (4) Linden's concession that Toner "had his hands full with" the student he removed from the

classroom. We therefore affirm the district court's judgment.